IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DOUKKALI YASSINE                                                    PETITIONER

VERSUS                                 CIVIL ACTION NO. 5:26-cv-146-DCB-BWR

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT                 RESPONDENT

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case comes before the Court sua sponte on pro se Doukkali Yassinei's habeas petition filed under 28 U.S.C. § 2241.   Petitioner, an alien detainee, filed his habeas petition on March 6, 2026, while detained at the Adams County Correctional Center in Natchez, Mississippi.[1]   On March 11, 2026, the Court entered two Orders [6, 7].   One of the Orders [6] directed Petitioner to pay the filing fee or file a complete Motion to Proceed in Forma Pauperis on or before April 10, 2026.   The other Order [7] directed Petitioner to file a response and name his custodian and the country of his birth on or before April 10, 2026.   These Orders [6, 7] were mailed to Petitioner at his last-known address.   The envelope containing these Orders [6, 7] was returned as undeliverable.   Mail Returned [8] at 1.

When Petitioner failed to comply with the Orders [6] [7] entered on March 11, 2026, an Order to Show Cause [9] was entered on April 17, 2026, that directed Petitioner to show cause why he has not complied with the previous Court Orders [6] [7] and to comply with those Orders [6] [7] by May 1, 2026.   Order [9] at 1–2.   Once again, Petitioner has not complied with the Orders [6] [7], and the envelope containing that Order to Show Cause [9] addressed to him at his last-known address was returned as undeliverable marked "released."   Mail Returned [10] at 1.

---

[1] The United States District Court for the Western District of Louisiana transferred this habeas civil action to this Court on March 5, 2026.   Order [2] at 1–2.

The Court then entered a Second and Final Order to Show Cause [11] directing Petitioner to show cause and to comply with the Orders [6] [7] on or before June 5, 2026.   Order [11] at 2. That Order [11] warned Petitioner that "[t]his was Petitioner's final opportunity to comply with the Orders [6] [7]."   *Id*.   To date, Petitioner has not responded, and the envelope containing that Second and Final Order to Show Cause [1] addressed to Petitioner at his last-known address also was returned as undeliverable.   Mail Returned [12] at 1.

The Court has repeatedly warned Petitioner that failure to comply would result in an order dismissing his claims without further notice.    *Id*.; Order [9] at 2; Order [7] at 2; Order [6] at 1; Notice [5] at 1.[2]   The Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.   *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   *Link,* 370 U.S. at 630.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.   *Id.* at 630–31.   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.   *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

---

[2] The Court notes that the envelope containing the Notice of Assignment [5] was not returned as undeliverable.

IT IS, THEREFORE, ORDERED AND ADJUDGED that pro se Petitioner's habeas corpus Petition [1] is dismissed without prejudice for failure to prosecute and obey the Orders of the Court.[3]   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this __16th__ day of June, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[3]A certificate of appealability (COA) is not required to appeal the denial of relief under 28 U.S.C. § 2241 when the petitioner is in federal detention.  *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. I.N.S*, 106 F.3d 680, 681 (5th Cir.1997)).